Priority  ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-205 JVS (RZx) | Date | March 14, 2007 |
| Title | DK Advisors Holdings, PLC v. DeGregori Inc. et al. | | |

Present: The Honorable   James V. Selna

| Steve Chung | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| C. William Kircher, Jr. | Patrick C. Quinlivan |

**Proceedings:**   Order to show cause re Preliminary Injunction

Case called and counsel make appearances. Tentative ruling issued. Counsel argue. The Court grants the application for a preliminary injunction in accordance with tentative as follows:

On March 2, 2007 in response to an *ex parte* application filed by DK Advisors Holdings, PLC ("DK Advisors"), the Court issued a temporary restraining order enjoining DeGregori, Inc. ("DeGregori"), *et al.* (collectively "Defendants") from certain activities in connection with DKAdvisors Irvine LLP ("DK Irvine"). At the same time the Court also issued an order to show cause why Defendants should not be preliminarily enjoined from similar activities pending trial of this matter. The Court now grants the application for a preliminary injunction.

I.   Standard.

On an application for a preliminary injunction, plaintiff bears the burden of establishing: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury if the preliminary relief is not granted; (3) the balance of hardships favors plaintiff; and (4) advancement of the public interest. Raich v. Ashcroft, 352 F.3d 1222, 1227 (9th Cir. 2003) (citing Dollar Rent A Car of Washington, Inc. v. Travelers Indemnity Co., 774 F.2d 1371, 1374 (9th Cir. 1985)). A plaintiff may meet his burden on the first two elements by "demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in his favor." Dollar Rent A Car, 774 F.2d at 1374-75; Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000). "These are not separate tests, but outer reaches of a single continuum."

DOCKETED ON CM  MAR 2 0 2007  BY ___  178

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 07-205 JVS (RZx) | Date | March 14, 2007 |
| Title | DK Advisors Holdings, PLC v. DeGregori Inc. et al. | | |

Dollar Rent A Car, 774 F.2d at 1374-75 (quoting Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978) (internal quotation marks omitted)).

II. Discussion.

DK Irvine was formed in 2004 by DK Advisors and DeGregori to provide professional accounting services. (Wheelwright Decl., ¶ 19, Ex. 1, Section 2.4 [hereinafter "Partnership Agreement"].) Each partner was assigned certain clients in the event of a dissolution. (Partnership Agreement, §§ 1.12, 1.24, 8.4.) In addition, the Partnership provided detailed buyout provisions in the event that one of the partners desired to withdraw which extended over a three year period. (Id., § 8.4.)

DK Irvine took steps to protect its information and procedures, including the execution of confidentiality agreements by DK Irvine employees. (Wheelwright Decl, ¶¶ 36, 39-41, Exs. 4-6.) DeGregori and DK Advisors each entered into confidentiality agreements. (Id., ¶¶ 26-27.) DK Irvine's intellectual property has substantial value. (Id., ¶ 15.)

On February 1, 2007, DeGregori gave notice of dissociation with DK Irvine, and then commenced a new business, Vertical Advisors, in the same premises. (Id., ¶ 52, Ex. 9.) DeGregori took the position that the partnership had been dissolved. (Id., Ex. 9, p. 1.)

In furtherance of the new business, Defendants:

• Changed the locks on the Irvine premises, and excluded DK Advisors. (Id., ¶ 74, Ex. 13.)

• Made arrangements with the United States Postal Service to reroute DK Irvine's mail. (Id., ¶¶ 75-94, Ex. 14.)

• Down loaded confidential information from DK Advisors for its own use. (Hornbach Decl., ¶¶ 9-12.)

• Formed a new entity, Vertical Advisors for servicing DK Irvine's clientele.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-205 JVS (RZx) | Date | March 14, 2007 |
| Title | DK Advisors Holdings, PLC v. DeGregori Inc. et al. | | |

(Habern Decl., ¶ 10.)

• Solicited the business of DK Irvine clients without regard to the client allocation in the Partnership Agreement. (Id., Ex. 18.)

• Advised clients of DK Irvine and others that DK Irvine had been dissolved. (Id.)

DK Advisors filed the present action on February 20, 2007, seeking relief under various theories, including violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030(g)), copyright infringement (17 U.S.C. § 101), misappropriation of trade secrets, unfair competition, and interference with prospective economic advantage.

A major part of the parties' dispute on the application for injunctive relief is whether DK Irvine has been dissolved. However, the Court finds it unnecessary to resolve that issue. At a minimum, assuming that DK Irvine has been dissolved, it is appropriate to maintain the status quo with regard to its assets, particularly its intellectual property.[1]

In this regard, Defendants in their latest reply express no opposition to injunctive relief with regard to subparagraphs (d) through (g) and (i) through (p) of the order to show cause. (Response in Opposition, filed Mar. 9, 2007, pp. 16-17.) Defendants argue that barring them from access to certain information in essence prevents them from mounting a defense, for example to claims that certain material is confidential or trade secret in nature. The Court believes that legitimate discovery needs

---

[1] The Court also finds that DK Advisors has standing to proceed here. If Defendants are correct that DK Irvine has been dissolved, it falls to the partners to wind up operations, including protection of the partnership's claims and assets. (Partnership Agreement, § 10.2.) The Court is satisfied that DK Advisors may pursue the present claims, even if the partnership has not been dissolved. (See Plaintiff's Reply to Defendants' Opposition, filed Feb. 28, 2007, pp. 2-4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-205 JVS (RZx) | Date | March 14, 2007 |
| Title | DK Advisors Holdings, PLC v. DeGregori Inc. et al. | | |

can be worked out through a protective order without vitiating the force of injunctive relief. Subparagraph (n) in the order to show cause was modified to permit access to client information for clients which Defendants did not solicit in addition to files of PVD Clients. The Court believes that this is consistent with competition and the limits on restricting a former employees or partners from being gainfully employed.

Thus, the Court turns to the remaining issues.

<u>Subparagraph (a)</u>. Defendants challenge the scope of confidential information, but their concession with respect to the other subparagraphs largely vitiates the concern. The Court finds that there is a substantial likelihood that DK Advisors will be able to establish that Defendants removed confidential information via down loads and other methods, most of which Defendants contend they have destroyed. (Response in Opposition, filed Mar. 9, 2007, p. 14.) Given Defendants' ability to secure access to client information, as noted above, the Court finds that the balance of hardship favors DK Advisors with respect to restrictions on the material covered by subparagraph (a).

<u>Subparagraph (b) and (c)</u>. DK Advisors has demonstrated that Defendants have solicited clients other than PVD Clients on the basis of DK Irvine confidential information. Customer lists are clearly within the scope of trade secret protection. <u>E.g.</u>, <u>Morlife, Inc. v. Perry</u>, 56 Cal. App. 4th 1514, 1520-21 (1997); <u>Abba Rubber Co. v. Seaquist</u>, 235 Cal. App. 3d 1, 18 (1991). The balance of hardships for the relief sought under these subparagraphs tips in favor of DK Advisors.

DK Advisors has indicated its willingness to allow Vertical Advisors to finish open work for clients solicited prior to entry of the temporary restraining order. (Plaintiff's Reply Memorandum, p. 5.) Such procedures shall be incorporated in the form of preliminary injunction which the Court directs DK Advisors to submit. <u>See</u> below.

<u>Subparagraph (h)</u>. In issuing the temporary restraining order, the Court declined to bar Defendants from stating that DK Irvine has been dissolved or that Vertical Advisors or other Defendant entities are spinoffs of DK Irvine. The Court believes that any such relief would amount to a prior restraint in violation of the First Amendment. That, of course, does not insulate Defendants from an award of money damages for trade libel or the violation of other rights as a result of such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 07-205 JVS (RZx) | Date | March 14, 2007 |
| Title | DK Advisors Holdings, PLC v. DeGregori Inc. et al. | | |

communications.

In sum, with respect to the open issues other than subparagraph (h), the Court finds that DK Advisors has demonstrated a likelihood of prevailing on the merits, and because of the trade secret/confidential nature of the information, DK Advisors has also established irreparable harm.

The Court finds that the issuance of injunctive relief is in the public interest because it will serve to preserve the property and business of DK Irvine, whether it continues or is wound up.

At oral argument, Defendants contended that DK Advisors was guilty of unclean hands because it was soliciting the clients of DK Irvine. The Court was unable to determine whether this was the case or whether the communications simply related to infrastructure services which DK Advisors regularly provided the clients of DK Irvine as part of DK Irvine's activities. The showing does not amount to unclean hands which would cause the Court to deny equitable relief.

DK Advisors shall submit a proposed form of injunction within five days. The Court finds that the present bond of $25,000 is adequate.

| | 0 | : | 44 |
|---|---|---|---|
| Initials of Preparer | | | SC |